UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Chapter 11

RGR WATKINS, LLC,                                         Case No.

    Debtor.                                          *Emergency Hearing Requested*
_____/

**DEBTOR'S EMERGENCY MOTION FOR ENTRY
OF INTERIM AND FINAL ORDERS AUTHORIZING
USE OF CASH COLLATERAL AND GRANTING
REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a),
361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE
4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

> **STATEMENT OF RELIEF REQUESTED**
>
> The Debtor seeks authority to use cash collateral to fund its operating expenses and the costs of administering this Chapter 11 case in accordance with the budget attached hereto as <u>Exhibit A</u>. The Debtor believes that CJUF III Atlas Portfolio, LLC may assert a security interest in cash collateral. As adequate protection, the Debtor proposes to grant to CJUF III Atlas Portfolio, LLC a replacement lien to the same extent, validity, and priority as held by CJUF III Atlas Portfolio, LLC as of the Petition Date.

    RGR WATKINS, LLC (the "**Debtor**") respectfully requests the entry of an interim and a final order approving the Debtor's use of cash collateral to fund operating expenses and the costs of administering this Chapter 11 case. In support of the motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

    1.    This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§157 and 1334.

2. The subject matter of this motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 361, 363, 541, and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

## Background

4. On September 12, 2013, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5. The Debtor owns a 514,218 square foot business complex (industrial, office, and retail) located in Norcross, Georgia now known as Gateway Business Park and formerly known as Watkins Business Center (the "**Business Center**").

6. On or about December 21, 2011, in connection with a foreclosure action filed by CJUF III Atlas Portfolio, LLC ("**CJUF**"), the Gwinnett County Superior Court (the "**State Court**") appointed Richard A. DeLisle as receiver (the "**Receiver**"). As of the Petition Date, the Receiver was in constructive possession of the Business Center, cash, rental and other income, as well as other products and proceeds of leases received by the Debtor as the owner of the Business Center.

7. The Debtor has notified the State Court of the commencement of this case, the existence of the automatic stay, and the obligations of the Receiver to turnover property of the estate pursuant to Sections 542 and 543 of the Bankruptcy Code, and is requesting an order directing turnover.

### Summary of Prepetition Secured Indebtedness

4. On or about August 29, 2007, BOA and the Debtor entered into that certain Term Loan Agreement (the "**Loan Agreement**"), whereby BOA agreed, *inter alia*, to loan the Debtor the sum of Twenty Four Million Two Hundred Thousand and 00/00 Dollars ($24,200,000.00) (the "**Loan**"). The Loan was to be used to: (i) acquire the Business Center; (ii) fund minor repairs and deferred maintenance at the Business Center; and (iii) fund operating deficits at the Business Center. In connection with the Loan Agreement, the Debtor executed in favor of BOA (i) a Promissory Note (the "**Note**") in the original principal amount of Twenty Four Million Two Hundred Thousand and 001/00 Dollars ($24,200,000.00); (ii) a Deed to Secure Debt, Assignment and Security Agreement (the "**Mortgage**"); and (iii) an Assignment of Lessor's Interest in Leases (the "**Lease Assignment**").

8. On or about November 25, 2009, effective as of October 28, 2009, the Debtor executed in favor of BOA: (i) a First Amendment to Term Loan Agreement (the "**Amendment**"); (ii) a Renewal Promissory Note (the "**Renewal Note**") in the principal amount of Twenty Three Million Eight Hundred Nine Thousand Six Hundred Ninety Seven and 55/100 Dollars ($23,809,697.55); and (iii) Modification to Deed to Secure Debt, Assignment and Security Agreement (the "**Mortgage Modification**" together with the Loan Agreement, Note, Mortgage, Lease Assignment, Amendment and Renewal Note, the "**Loan Documents**").

9. CJUF, as successor-in-interest to CSMI Investors, LLC, as successor in interest to BOA, asserts that it now owns and holds the Loan Documents. As of the Petition Date, CJUF asserts that it is owed approximately $23,000,000.00.

10. The Debtor believes that CJUF may assert that: (i) it has a lien on rental income derived from tenants at the Business Center; (ii) the rental income constitutes Cash Collateral within the meaning of Section 363(a) of the Bankruptcy Code; and (iii) it has a lien on Cash Collateral.

### Relief Requested and Basis for Relief

11. The Debtor seeks: (i) the entry of an interim order authorizing the use of Cash Collateral to pay the expenses set forth on the budget attached hereto as <u>Exhibit A</u>[1] so as to avoid irreparable harm pending a final hearing and the entry of a final order; and (ii) the entry of a final order authorizing the use of Cash Collateral pending confirmation of this Chapter 11 case.

12. The Debtor proposes to use Cash Collateral for:

    (a) care, maintenance, and preservation of the Debtor's assets;

    (b) payments to utility companies, suppliers, and other business expenses;

    (c) other payments necessary to sustain the Debtor's business operations;

    (d) costs of administering this Chapter 11 case; and

    (e) payments for tenant improvements at the Business Center.

13. "Cash Collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). Pursuant to section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtor to use Cash Collateral as long as the applicable secured creditors consent or are adequately protected.

---

[1] The Debtor reserves the right to supplement the Budget at or prior to the cash collateral hearing to reflect information from the Receiver regarding outstanding obligations of the Business Center.

4

*See, e.g., In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick*, 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor, the debtor must have the consent of the secured creditor or must establish to the court that the secured creditor's interest in the cash collateral is adequately protected).

14. If CJUF asserts a lien on Cash Collateral, in exchange for the Debtor's ability to use Cash Collateral, the Debtor proposes to grant to CJUF as adequate protection a replacement lien equal in extent, validity, and priority to the lien held by CJUF as of the Petition Date. The Debtor reserves the right to contest the extent, validity, and/or priority of CJUF's asserted lien.

15. The Debtor submits that any interests of CJUF will be adequately protected by the replacement lien.

16. In order to continue its business operations in an effort to achieve a successful reorganization, the Debtor needs to use Cash Collateral. There is insufficient time for a final hearing to be held before the Debtor must use Cash Collateral, however, Bankruptcy Rule 4001(b)(2), authorizes this Court to hold a preliminary hearing on this motion to avoid irreparable harm.

17. If this motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use Cash Collateral, there will be direct and immediate irreparable harm to the Debtor's business. The inability of the Debtor to meet its ordinary business expenses (utilities, suppliers, etc.) will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and its chances for reorganization. Any such discontinuation would also adversely impact the value of any secured creditor's collateral. Indeed, it is in the best interests of the Debtor

and all creditors that the Debtor use Cash Collateral since such usage will preserve the value of any secured creditor's collateral.

18. If allowed to use Cash Collateral, the Debtor believes that it can maintain operations, improve going concern value, and reorganize its business.

WHEREFORE, the Debtor respectfully requests that this Court: (i) schedule an initial hearing on the motion as soon as the Court's calendar permits; (ii) enter an order, the proposed form of which is attached as <u>Exhibit B</u>, granting this motion and authorizing the interim use of Cash Collateral in accordance with the budget attached hereto as <u>Exhibit A</u> (as may be supplemented based upon information from the Receiver) pending a final hearing; (iii) schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (iv) grant such other and further relief as may be just and proper.

Dated: September 12, 2013.

<u>/s/ Amy Denton Harris</u>
Elena Paras Ketchum (FBN 0129267)
Amy Denton Harris (FBN 0634506)
Daniel R. Fogarty (FBN 0017532)
Stichter Riedel Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
Email: eketchum@srbp.com
aharris@srbp.com
dfogarty@srbp.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* has been furnished on this 12th day of September, 2013, by the Court's CM/ECF Noticing System, electronic mail, or by U.S. Mail to:

Office of the United States Trustee
20 Largest Unsecured Creditors

CJUF III Atlas Portfolio, LLC
c/o Denise D. Dell-Powell, Esquire
Denise.dellpowell@burr.com

                                           */s/ Amy Denton Harris*
                                           Amy Denton Harris

# EXHIBIT A

**(to be furnished prior to hearing)**

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                     Chapter 11

RGR WATKINS, LLC,                                          Case No.

      Debtor.
_____/

### INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE[1]

THIS CASE came before the Court for a hearing on September ____, 2013 at _____.m., upon the *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* (the "**Motion**") (Doc. No. _____). The Motion seeks the entry of interim and final orders authorizing the use of "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code. The Court, having reviewed the Motion and having heard the argument and proffers of counsel, finds that the Motion should be granted on an interim basis. Accordingly, for the reasons stated orally and recorded in open court, which shall constitute the decision of the Court, it is

**ORDERED** that:

1. The Motion is granted on an interim basis pending a further _____ hearing to be conducted by the Court on _____.

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtor is authorized to use Cash Collateral (as that term is defined in Section 363(a) of the Bankruptcy Code) including, without limitation, cash, deposit accounts, accounts receivable, and rental revenue in accordance with the budget (the "**Budget**"), a copy of which is attached hereto as **Exhibit A**, so long as the aggregate of all expenses for each week do not exceed the amount in the Budget by more than ten percent (10%) for any such week on a cumulative basis (the "**Variance**"). Notwithstanding the foregoing, subject to the provisions of paragraph ten of this Order, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

3. CJUF III Atlas Portfolio, LLC ("CJUF") is granted as adequate protection a post-petition replacement lien against the Debtor's Cash Collateral to the same extent, validity, and priority as existed as of the Petition Date without the need to file or execute any document as may otherwise be required under applicable nonbankruptcy law.

4. The Debtor shall maintain insurance coverage for the Business Center in accordance with the obligations under the Loan Documents.

5. This Order is not and shall not be construed as determinative as to whether or not any creditor has a valid lien on any property of the Debtor or its estate. This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

6. This Order is without prejudice to the Debtor's right to challenge the extent, validity, or priority of any lien or claim of any creditor, and is likewise without

prejudice to the right of any creditor to seek modified adequate protection or restrictions on use of Cash Collateral. Nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

7. This Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

8. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

9. All persons and entities owing monies to the Debtor are authorized and directed to pay the monies to the Debtor, without setoff, which sums shall upon collection by the Debtor constitute Cash Collateral.

**DONE AND ORDERED** at Tampa, Florida, on _____.

_____

United States Bankruptcy Judge

Attorney Elena Paras Ketchum is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

# EXHIBIT A