UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Chapter 11

RGR WATKINS, LLC,  Case No. 8:13-bk-12147-KRM

        Debtor.
_____/

**AGREED ORDER GRANTING EMERGENCY MOTION
PURSUANT TO 11 U.S.C. § 543(d)(1) TO EXCUSE RECEIVER
FROM COMPLIANCE WITH TURNOVER REQUIREMENTS
AND TO ESTABLISH POWERS AND DUTIES OF RECEIVER**

THIS CASE came before the Court for a hearing on September 16, 2013 at 2:00 p.m., for consideration of the *Emergency Motion Pursuant To 11 U.S.C. § 543(D)(1) to Excuse Receiver From Compliance with Turnover Requirements and to Establish Powers and Duties of Receiver* (the "**Motion**") (Doc. No. 18) filed by CJUF III Atlas Portfolio LLC ("**CJUF**"), as successor in interest to CSMI Investors, LLC, as successor in interest to Bank of America, N.A.  The Court, having reviewed the Motion, and being advised of the agreement of the Debtor and CJUF, and having heard the argument of the United States Trustee, finds that the Motion should be granted.  Accordingly, for the reasons stated orally and recorded in open court, which shall constitute the decision of the Court, it is

    **ORDERED** that:

    1.    The Motion is granted on an interim basis as set forth herein.

2. Until November 15, 2013, or other order of the Court, the Receiver shall remain in possession, custody and control of the real and personal property of the Debtor. The Receiver is authorized to continue to operate the business and maintain the Debtor's real and personal property and take all other actions authorized by the Receivership Order; provided however, that, absent further order of this Court or dismissal of this bankruptcy case, the Receiver shall not be authorized to pay any pre-petition claims or sell or transfer any of the assets of the bankruptcy estate.

3. Subject to the provisions of this order, or further order of the Court, the Receiver is excused from compliance with 11 U.S.C. § 543(a) and (b).

4. The Receiver shall provide to the Debtor and the United States Trustee, upon reasonable notice, access to the property and records relating to the operation of the business and the real property.

5. The Debtor, with the cooperation and assistance of the Receiver, shall comply with the requirements of the Bankruptcy Code and any requirements of the Office of the United States Trustee, including but not limited to the preparation and filing of the schedules. The Receiver shall be required to file the Debtor's monthly operating reports and participate in such other meetings, hearings, or proceedings so as to permit the Debtor to comply with its obligations under the Bankruptcy Code and any requirements of the Office of the United States Trustee, including but not limited to, the initial debtor interview and Section 341 Meeting of Creditors.

6. This order is without prejudice to the Debtor, the Office of the United States Trustee, or any party in interest seeking to remove the Receiver.

**DONE** and **ORDERED** at Tampa, Florida, on ___October 10, 2013___.

K. Rodney May
United States Bankruptcy Judge

Attorney Elena Paras Ketchum is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.